SHEALY and others, Respondents, vs. THE CHICAGO, MADISON & NORTHERN RAILROAD COMPANY, Appellant.

*October 14 — November 5, 1890.*

*Railroads: Eminent domain: Changing grade of street: Measure of damages.*

In order to restore to its former usefulness a street crossed by its track, the defendant railroad company lowered the grade of such street, digging and removing the earth in front of plaintiffs' lot. *Held,* that although no part of such lot was taken for the right of way of the railroad, the company must make full compensation for the injury to the lot, including the depreciation in value resulting from the operation of the railroad in proximity thereto.

APPEAL from the Circuit Court for *Dane* County.

Proceedings for the condemnation of land taken by the defendant railroad company. A former appeal is reported in 72 Wis. 471. Upon an appeal from the award of the commissioners the trial in the circuit court resulted in a verdict as follows: "(1) What was the fair market value, at the time it was taken, of the earth and material which was taken from the part of the plaintiffs' lot in Main street in order to restore the street to such condition as that its usefulness should not be materially impaired? Answer. $56.25. (2) What amount of damage to plaintiffs' lot was occasioned by cutting down and restoring the street in front of the same, and by constructing and operating the

railroad where the same was and is now built? A. $2,000; interest, $91 — total, $2,091. (3) What part of said damage was occasioned by cutting down the street? A. $1,750; interest, $79.625 — total, $1,829.625. (4) What part of said damage was occasioned by the operation of the railroad? A. $250; interest, $11.375 — total, $261.375." Upon this verdict, judgment for the whole amount thereof, to wit, $2,147.25, with costs, was entered in favor of the plaintiffs. The defendant appeals.

*B. J. Stevens,* for the appellant, contended that the trial court erred in giving judgment for the damages occasioned by the operation of the railroad. The rule of damages applicable to a permanent taking of land, whereby title passes to the company, should not be applied to a temporary taking whereby no title passes and no continuing possession is given, and which is not taken for the purpose of "operating the proposed railroad" (sec. 1846, R. S.), but is taken for the purpose of "restoring a public street to its former state, or to such condition as that its usefulness" (as a street) "shall not be materially impaired," and which street, as changed, is to be held "by the same tenure by which the adjacent parts thereof are held" (sec. 1836). Had the railroad been constructed across Main street, where it now is, *on grade,* instead of below grade, there would have been no liability for the incidental, remote damages resulting from the operation of the road. *Heiss v. M. & L. W. R. Co.* 69 Wis. 555; *Trustees v. M. & L. W. R. Co.* 77 id. 158. But the injuries for which damages are sought are no greater or different from the fact that the road passes below grade. Had the city lowered the grade, as it might have done (*Slatten v. D. M. V. R. Co.* 29 Iowa, 155–6; *Murphy v. Chicago,* 29 Ill. 279, 287; *Jamestown v. C., B. & N. R. Co.* 69 Wis. 648; *Oconto v. C. & N. W. R. Co.* 44 id. 231), it would not have been liable for these damages. And if the city had lowered the grade and paid the damages for

which it was liable, there could be no additional recovery against the company. The liability of the company is no greater than that of the city. *Ottawa, O. C. & C. G. R. Co. v. Larsen,* 2 Law Rep. Ann. 61, and cases cited; *Railroad v. Bingham,* 87 Tenn. 522; *Wilson v. N. Y. C. & H. R. R. Co.* 2 N. Y. Supp. 65; *Egerer v. N. Y. C. & H. R. R. Co.* id. 69; *In re New York E. R. Co.* 36 Hun, 427; *S. C.* 41 id. 502; *Parrot v. C., H. & D. R. Co.* 10 Ohio St. 624; *Penn., S. V. R. Co. v. Walsh,* 124 Pa. St. 544; *Penn. R. Co. v. Lippincott,* 116 id. 472; *New Castle & F. R. Co. v. McChesney,* 85 id. 522.

For the respondent *Bibbs* there was a brief by *Olin & Butler;* and for the other respondents there was a brief by *Lamb & Jones;* and the cause was argued orally by *F. J. Lamb* and *J. M. Olin.*

COLE, C. J. The nature of this action will be learned by reference to 72 Wis. 471, where the case, on a former appeal, is reported. The cause now comes to this court on the question as to what is the proper rule of damages applicable on the admitted facts. This court has often affirmed the rule that the owner whose lands are taken for the use of a railway is entitled to receive the actual value of the land taken, and such other damages as he might sustain to other adjoining property which is directly attributable to the construction, maintenance, and operation of the railway across his land as located. This, in substance, is the rule as stated in *Blesch v. C. & N. W. R. Co.* 48 Wis. 168. This gives the owner the "just compensation for his property taken for a public use," as secured to him by the constitution and law of the state. If the adjoining property is diminished in market value in consequence of the construction of a railroad over a portion of the land, the depreciation is as much an element of the damages for the injury

or loss as the value of the property actually taken. *Snyder v. W. U. R. Co.* 25 Wis. 60. And this court has likewise held that the lowering by a railroad company of the grade of the highway, in order to adjust such grade to that of its track laid across the highway, was a taking of the property of the owner of the lots abutting on the highway, for which, and for the consequent injury to said lots, the company must make compensation, though the track itself did not encroach upon that part of the highway of which the fee was in the owner. In case the railroad company, in order to perform its legal duty to restore the highway it occupies with its track, is compelled to take and carry away the soil of an adjoining lot, thereby diminishing the market value of the property, compensation must be made to the owner of the property thus taken and injured. *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 408; *S. C.* 60 Wis. 264. The company has no right to make the excavation and grading in the highway for the purposes of a railroad track without making compensation, because it is an imposition of a new burden or servitude upon it. 60 Wis. 273. This is the doctrine of the *Buchner Case,* as laid down and affirmed on both appeals. Indeed, it seems to us that every material question in the case at bar was decided in the *Buchner Case.* The cases are similar in their facts, and are ruled by the same principle of law.

In the case before us, the street in front of the plaintiff's lot was graded down by the company several feet, in order to secure a gradual slope and to restore the street to its former usefulness. A large quantity of earth and soil was removed, and used elsewhere on the track of the company's road. The jury found the value of that part of the lot actually taken by the company, and the extent of the injury or damage to the remainder of the property not taken, occasioned by cutting down and restoring the street in front

of the lot. The jury further found, as a separate item, the damage done to the lot which was attributable to the operation of the railroad as built.

Now the learned counsel for the company only objects to the last item of damage, which he insists is unjust and should not be allowed. His contention is made notwithstanding the admitted fact that the operation of the road, with other causes, has resulted in diminishing the market value of the property for the full amount found by the jury. It is obvious that the contention of the learned counsel is in flat contradiction with what we have said is the settled rule upon this subject in this state; for, as we have remarked, that rule is: Where a railroad company takes land for the use of its road, it must not only pay for the land actually taken, but must make good the damages to the adjoining property which are directly attributable to the construction and operation of its road across a portion of the land. This is the only true rule, for it makes "compensation go hand in hand with the actual loss or injury sustained by the person whose land is taken." It seems to us that this is the proper measure of redress, and is but making a just compensation to the owner whose property is taken, in conformity to the requirement of the constitution and statute of the state upon the subject. The rule, of course, necessarily implies or means full compensation for the loss or injury, not partial compensation. If the adjoining property is actually depreciated in market value in consequence of the construction and operation of the railroad where it is located, is not the owner entitled to his compensation for this diminished value of his property? We do not think the injury or loss can properly be said to fall within the maxim, *damnum absque injuria*. We are speaking now of a case where property has been taken for the purposes of a railroad, and not one where no land has been taken, but consequential damages result to property

near the railroad track by the operation of the road; but here a part of the property was actually taken, and the remainder of the property was depreciated in value as a result of such taking.   The depreciation in value of the property not taken is as much an element in ascertaining the entire loss the owner has sustained as the value of the land itself which was taken; for otherwise an owner is not compensated for his loss or injury.   So, unless the rule as to damages in such cases which has been laid down and acted upon by the court almost from the time of the organization of the state government is wrong, the railroad company must make good the depreciation in the market value of the property not taken which was caused by the construction and operation of this road across the owner's land.   This is what is understood to be included or embraced in the word "compensation" as defined by the court; and the word "taking" involves these items of damages, namely, the value of the property taken and the damage to the residue.

But it is said that the land in question was not taken and occupied permanently for railroad purposes, but that there was only a temporary taking, in order to restore the street to its former condition, and that this act would not draw to itself the liability to make good an injury attributable to the operation of the road.   We see no ground for making such distinction.   It is a verity in the case that the property was injured $2,000 by the cutting down of the street and by the operation of the road.   Why should not the company make good this loss to the plaintiffs?   The company has taken property for railroad purposes — unless it is a trespasser — and, as we have said, this taking carries with it the obligation of making the compensation which the constitution requires.   It matters not what particular act or thing causes the depreciation in the value of the property; if it is occasioned by the taking of a part of the

land, full compensation for the loss or injury must be made. It seems to us difficult, if not impossible, to separate the effect of the operation of the railroad from other causes which depreciated the value of the property. True, the jury found that the property was depreciated in value $250 by the operation of the road, but this must have been mere conjecture from the facts proven. A person may very well say that in his opinion a piece of property is worth so much before a railroad company has built its road across it, and that after the railroad is built it has depreciated in its market value a given amount; but it is difficult to separate the items of damage, and say so much was caused by this thing and so much by that, though the entire loss or injury may be estimated with reasonable certainty. But there is no difficulty in ascertaining the whole loss or injury to the property in this case, and for that amount compensation must be made under the rule as settled in this state. The learned counsel says that the ordinary and proper operation of the railroad is lawful, and cannot constitute an element of damage; but that rule cannot apply where the railroad takes property for railroad purposes, and injures adjoining property by such taking. Full compensation must then be made for all loss or injury.

We have examined the authorities cited by the learned counsel to sustain his position on this point, and do not think they are applicable to the case at bar. Some of these cases were in the nature of actions on the case for consequential injuries to land incident to the construction and operation of a railroad. They were not condemnation proceedings where the rule implies entire and full compensation for the injury. Consequential injuries to property resulting from the operation of a railroad, such as the annoyance from smoke, noises, cinders, or obstructions to the access of premises, must be distinguished from the direct injury which is caused by the taking of a part of the land

and the damage to the residue, which falls within the constitutional provision.    In the latter case, as we have said more than once, full compensation must be made the owner. The defendant company must answer for the entire depreciation in the market value of the property not taken, under the law of this state.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.